DeForest C. Pitt, J.
This is an article 78 proceeding brought to review, vacate and annul a determination made- by respondent, Ewald B. Nyquist, as Acting Commissioner of Education in a decision made by him pursuant to the provisions of sections 310 and 311 of the Education Law. In this decision the said respondent sustained a determination made by the respondent, Board of Examiners of the Board of Education of the City of New York, which body denied petitioner a license as a regular teacher of mathematics in junior high schools. The respondents have moved to dismiss the petition in accordance with CPLR 7804 (subd. [f]).
The basis for the respondents’ motion to dismiss is section 310 of the Education Law, the respondents maintaining that thereunder the,said decision is not reviewable.
The only question raised in the appeal to the Commissioner of Education was whether a principal who had rated the services of the petitioner satisfactory as a substitute teacher could properly rate the petitioner as, ‘ ‘ not quite satisfactory ’ ’, in conjunction with the appraisal of the petitioner’s record upon his application for a license as a regular teacher. A reading of the decision of the Acting Commissioner of Education reveals consideration of prior matters in which it was found that higher standards of ability in teaching performance could well be required of a permanent teacher than of a substitute.
It is felt by this court that even without the Acting Commissioner’s reliance upon such precedent, such a finding could not be considered as unreasonable, and certainly nowhere approaches the “ purely arbitrary ” rule set down by our Court of Appeals. (Matter of Board of Educ. of City of N. Y. v. Allen, 6 N Y 2d 127.) Further, it is felt that the determination was upon a matter of purely educational concern and may well be considered conclusive and accordingly not reviewable by this court unless under the principle believed to be set forth in the recent decision in the Case of Matter of Vetere v. Allen (15 N Y 2d 259).
Accordingly, the respondents’ motion to dismiss the petition herein will be granted.