De Forest C. Pitt, J.
This article 78 proceeding is brought to review a determination of the respondent, James E. Allen, J'r., as Commissioner of Education, made by decision dated March 17,1965, and numbered 7492'. Therein, the Commissionec partially sustained an appeal brought by one Albert R. Sheftel and 12 other persons seeking an order directing the petitioner herein, the Board of Education of the City School District of the City of New York, to create and/or license the position of Administrative Co-ordinator (“ 600” School); to grant appellants permanent tenure; to establish a salary schedule and classification for such position; and to grant such rights, privileges and incidents as may pertain to such position. In his decision, Commissioner Allen ruled that since several of the appellants had served more than three years in the positions in question they were entitled to tenure by estoppel. The Commissioner cited Matter of Sullivan (N. Y. St. Educ. Dept. Rep., Decision No 7452, dated Nov. 24, 1964) as the basis for such ruling.
It is contended by the petitioner that Matter of Sullivan is factually distinguishable from the instant matter. Basically, it is pointed out that while in the Sullivan appeal the Commissioner dealt Avith an established position, in the instant matter the petitioner, Board of Education, never created the position of Administrative Co-ordinator (“ 600 ” School). Further, on *344 this same point, it is contended that the Commissioner violated his own test laid down in Matter of Sullivan (Decision 7564, dated Oct. 8, 1965) wherein it is stated: “ In short, where there is no appointment by the Board, and no right to the position, the incumbent has neither tenure nor salary rights, but in the present case, where there is an appointment to a position which has been established by the board, at a specified increase in salary, and the appointment is made after an examination, the respondent is estopped from denying tenure or salary rights because of its own failure to comply with some legal formalities incident to the appointment ”.
Still further, it is contended that the Commissioner’s determination as to the right of tenure was made without authority, the only manner of obtaining same or of appointment to the subject positions having been established by the Legislature. (Education Law, § 2573, subds. 6,10.)
The matter is before the court upon the respondent’s motion to dismiss the petition raising an objection in point of law pursuant to CPLB 7804 (subd. [f]). The ground for the same is found in section 310 of the Education Law, the respondent maintaining that by virtue thereof the decision of the Commissioner is not judicially reviewable.
The Court of Appeals has held that to allow judicial review the Commissioner’s determination must be ‘1 purely arbitrary". (Matter of Board of Educ. of City of N. Y. v. Allen, 6 N Y 2d 127, and cases cited therein.) It is urged by the respondent .that this familiar rule has now been extended so as to prohibit review altogether when the Commissioner’s determination was upon- a matter of purely educational concern. (Matter of Vetere v. Allen, 15 N Y 2d 259.) The court does not agree with respondent’s interpretation of the Vetere opinion. The courts may still determine in matters of purely educational concern whether the Commissioner of Education has acted arbitrarily or illegally.
However, regardless of interpretation, it is not felt that the subject matter herein is of purely educational concern, unlike the decision of this court made coincidently herewith dealing with the test of fitness of an applicant for a license as a regular teacher. Matter of Meyerson v. Allen (48 Misc 2d 461), or the Vetere case (supra) wherein the Commissioner’s findings were based upon the educational soundness of racially imbalanced schools. In the instant matter the Commissioner dealt with questions involving certain employees’ rights of tenure. His decision in this regard is not, in this court’s opinion, of such magnitude as to cause or threaten such disruption of educational functioning as to allow the same to be considered a pro *345 nouncement arising out of concern for educational soundness.
Whether the decision before this court be purely arbitrary or illegal need not be decided at this juncture. It is felt, however, the apparent inconsistency of the same with the Commissioner’s prior decisions and the cited statute may well be considered indicative of both and should prevent the present dismissal of the petition.
Accordingly, the respondent’s motion to dismiss the petition will be denied, and the respondent permitted to serve his answer within 10 days from the service of the order herein.